IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN E. KEENEY, JR.,               )
                                   )
               Petitioner,         )
v.                                 )          Civil Action No. 2:15-03897
                                   )
DAVID BALLARD, Warden,             )
                                   )
               Respondent.         )

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's letter-form Motion for Voluntary Dismissal of his

Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody

(Document No. 14.), filed on May 14, 2015.[1] By Standing Order, this matter was referred to the

undersigned United States Magistrate Judge for submission of proposed findings of fact and a

recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

FACTUAL BACKGROUND

On March 24, 2015 and March 30, 2015, Petitioner, acting *pro se* and incarcerated at Mount

Olive Correctional Complex ["MOCC"], filed his letter-form Petitions Under 28 U.S.C. § 2254 for

Writ of *Habeas Corpus* By a Person in State Custody. (Document Nos. 1 and 2.) By letter dated

April 1, 2015, the Clerk of the Court notified Petitioner that he "must complete, sign, and return to

the Charleston Office within 10 days from the date of this letter the following forms: (1) Two (2)

'Petition for Relief from a Conviction or Sentence by a Person in State Custody' forms; and (2)

Application to Proceed Without Prepayment of Fees and Costs." (Document No. 4.) On April 9,

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held
to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2015, this Court received an additional letter in support of his Section 2254 Petition. (Document No. 6.) By Order entered on April 15, 2015, the undersigned notified Petitioner that "*habeas* petitions must meet heightened pleading requirements" and directed that Petitioner "should amend his letter-form Petition by completing and filing the form Petition specifying each ground for *habeas* relief." (Document No. 7.) The undersigned further directed that Petitioner either pay the filing fee or submit an Application to Proceed Without Prepayment of Fees or Costs. (Id.) On April 30, 2015, Petitioner filed his Application to Proceed Without Prepayment of Fees or Costs. (Document No. 10.) By letter dated April 30, 2015, the Clerk of the Court notified Petitioner that she was "enclosing, for a third time, the proper forms to be completed and returned to this office for your case reference above to proceed." (Document No. 13.)

On May 14, 2015, Petitioner filed his letter-form Motion for Voluntary Dismissal. (Document No. 14.) In support, Petitioner explains that he did not intend to file a Section 2254 Petition with this court. (Id.) Petitioner states that "I am attempting to go back to the State Court first with another habeas." (Id.) Petitioner, therefore, requests that foregoing action be dismissed. (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a Petitioner may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule

41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Petitioner's Petition nor otherwise pled. Accordingly, the undersigned respectfully recommends that Petitioner's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice.. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Application to Proceed without Prepayment of Fees or Costs (Document No. 10.), **GRANT**

Petitioner's letter-form Motion for Voluntary Dismissal (Document No. 14.), **DISMISS** Petitioner's letter-form Petitions Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document Nos. 1 and 2.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: May 19, 2015.

R. Clarke VanDervort
United States Magistrate Judge

4